UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN G. BURT
1086 Bexley Drive, Apt F
Greenwood, IN 46143

   Plaintiff

v.                 C.A. No. _____

DONALD C. WINTER
Secretary of the Navy
Washington, D.C. 20350-1000

   Defendant

## COMPLAINT

1. This action seeks review of the decisions of the Board for Correction of Naval Records (BCNR) dated 30 August 2004 and 15 August 2006.  Both decisions are final agency decisions under the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.  This case presents a federal question pursuant to 5 U.S.C. § 701, *et. seq.*

3. Venue lies in this district pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1402(a)(2).

4. By filing this complaint in this Court, plaintiff expressly waives any right or entitlement to recover back pay or other monetary damages as a remedy in this action.

**PARTIES**

5.      Plaintiff served in the United States Navy in the enlisted rank of Seaman Apprentice from 31 July 2000 until he was unlawfully discharged on 5 December 2000.

6.      Defendant, the Honorable Donald C. Winter, is the Secretary of the Navy and is the named defendant in his official capacity only.  Because he is the officer with final authority for correction of records within the Department of the Navy, he is the proper defendant for a cause of action under the APA.

**FACTS**

7.      On 30 August 2004 and 15 August 2006, the BCNR considered plaintiffs applications to correct his naval records.  This action arises due to the failure of the BCNR, in either or both decisions, to provide full and complete relief to plaintiff after acknowledging that plaintiff was "improperly separated" from the Navy.

8.      Plaintiff enlisted in the Navy on 16 June 2000 in the delayed enlistment program with an advanced electronics/computer field program guarantee.  On 31 July 2000, in accordance with his enlistment contract, he enlisted for four years of active duty and reported to boot camp at the Recruit Training Command in Great Lakes, Illinois.

9.      On 1 August 2000, at the "Moment of Truth" and based upon the promise that no adverse action would be taken, plaintiff told officials about headaches that he had suffered while in high school.  Plaintiff was referred to a social worker who, without testing or following proper diagnostic procedure, diagnosed him the same day with Oppositional Defiant Disorder (ODD).

10.     On 11 August 2000, the commanding officer of the Recruit Training Command signed a letter authorizing plaintiff's separation for erroneous entry based upon the diagnosis of ODD.

The same day, the commanding officer also signed a letter informing plaintiff's parents of their son's discharge.

11.     On 15 August 2000, however, plaintiff was assigned to a new ship (group of recruits) to continue recruit training. His two Recruit Division Commanders, plaintiff's supervisors during recruit training, evaluated his performance as excellent, noted that he had no disciplinary problems, and reported that he was given important responsibilities because they could count on him. Each stated that they would serve with plaintiff anywhere in the Navy.

12.     Despite the fact that plaintiff was successfully participating in recruit training as ordered, the command mistakenly believed that he had absented himself from the command. On 24 August 2000, a DD-214 was executed discharging plaintiff "in absentia" for erroneous entry.

13.     When plaintiff's parents received documents indicating their son had been discharged, they contacted the Recruit Training Command at Great Lakes to locate their son. The Navy initially responded that plaintiff was not at the Recruit Training Command. After being informed by the parents where they thought their son was located, plaintiff was found serving faithfully within the command.

14.     During the fifth week of his training, plaintiff was told to report to the Legal Office. He was informed that he had been discharged several weeks before. He was asked whether or not he wanted to continue training. Based upon his affirmative response, he was returned to training. He was told that his orders transferring him to his next training command may be delayed due to the administrative problems created by the discharge. He was promised that the computers would be fixed and his problems resolved. Plaintiff passed in review on 15 October 2000, and formally graduated from the Recruit Training Command on 18 October 2000.

15. From 18 October to 10 November 2000, plaintiff worked daily but unsuccessfully to resolve the administrative entanglements resulting from his continued service after having been mistakenly discharged. Inter alia, plaintiff's pay had been discontinued and he could not be issued new orders. Because of his unique and continuing predicament, plaintiff's parents sought to assist him. They sent emails and sought assistance to resolve the bureaucratic impasse faced by their son. Because the Navy could neither pay nor issue orders to someone who had been discharged, albeit mistakenly, plaintiff left the Recruit Training Command in frustration on 10 November 2000 to return home and obtain assistance from his parents and his congressman. When he returned on 20 November 2000, with his parents, he was told he would face disciplinary action. He was also told that if he stayed in the Navy his life would be hell. Although he had already been discharged, he reluctantly agreed to be discharged again.

16. Although the bureaucratic problems from the first discharge had yet to be corrected or resolved, plaintiff was discharged again on 5 December 2000. This second discharge again asserted erroneous entry into service based upon the diagnoses of ODD and depressive disorder.

17. Only after many months and the involvement of his congressman, his senator, his parents, and a lawyer did plaintiff receive the pay to which he was entitled based upon his continued service after the initial discharge on 24 August 2000.

18. After his second discharge on 5 December 2005, plaintiff was subsequently evaluated by a clinical psychologist who determined that plaintiff did not suffer from ODD or depressive disorder. Furthermore, the psychologist questioned the validity of the diagnoses made by Navy personnel considering the lack of testing and the high praise received from plaintiff's Recruit Division Commanders.

19.     Plaintiff filed an application to correct his military records with the BCNR.  As part of its consideration, the BCNR sought an advisory opinion.  The opinion from two Specialty Advisors to the Surgeon General for Psychiatry concluded that "there is insufficient evidence to support a diagnosis of oppositional defiant disorder and depressive disorder….  As a result, there is no apparent psychiatric diagnosis justifying an administrative separation."

20.     In its decision dated 30 August 2004, the BCNR acknowledged that plaintiff had been "improperly separated."  However, rather than correcting the error and removing the injustice of being improperly separated by removing the improper discharge and returning plaintiff to active duty, the BCNR instead:  (1) substituted for the "erroneous enlistment" discharge a "best interest of the service" discharge; (2) removed the Certificate of Release or Discharge from Active Duty (DD Form 214) from the 24 August 2000 discharge from plaintiff's records but declined to remove the documentation pertaining to the 24 August 2000 discharge; (3) declined to upgrade plaintiff's reenlistment code above RE-4; and (4) declined to remove from plaintiff's military records the admittedly erroneous diagnoses of ODD and depressive disorder

21.     In explaining the new basis for discharge, the BCNR relied upon facts that did not constitute a legitimate basis for discharge.  Moreover, the new basis for discharge, "best interest of the service," relied upon unsubstantiated speculation; namely, that in the absence of the erroneous ODD and depressive disorder diagnoses, the command would have nevertheless sought to discharge plaintiff as he was successfully completing recruit training and winning the praise of his Recruit Division Commanders.  In addition, the BCNR inappropriately presumed that the Secretary of the Navy would have approved such a discharge as required by Instructions issued by the Secretary of the Navy.

22. On 21 March 2005, plaintiff requested that the BCNR reconsider its decision. On 15 August 2006, the BCNR issued a new decision which upgraded plaintiff's reenlistment code from RE-4 to RE-1 but again declined to grant full and complete relief to plaintiff for his admittedly improper separation.

## COUNT ONE

23. The allegations contained in paragraphs 1 through 22 are incorporated herein by reference.

24. The action of the BCNR, acting for the defendant, contained in its decisions dated 30 August 2004 and 15 August 2006, by refusing to provide full and complete relief to plaintiff, violated plaintiff's right, pursuant to 10 U.S.C. § 1552, to have his military records corrected to adequately and fully correct an error or remove an injustice. Specifically, in failing to remove the improper discharge of 5 December 2000 and restore plaintiff to active duty and failing to provide the other records corrections requested by plaintiff, the decision of the BCNR unlawfully withheld and unreasonably delayed relief to which plaintiff was legally entitled; was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and was unsupported by substantial evidence, all within the authority of a reviewing court to remedy under the APA, 5 U.S.C. § 706.

## REQUEST FOR RELIEF

25. WHEREFORE, plaintiff prays that this Court compel the defendant to fully and completely correct plaintiff's military records because defendant's action has been unlawfully withheld and unreasonably delayed, and hold unlawful and set aside the decision of the BCNR, and order the defendant to correct plaintiff's military records by ordering the following specific corrections:

     a.  Removing the unlawful discharge effective 05 December 2000 and all references and amendments thereto, thereby restoring plaintiff to active duty for a period of time extending from the date of his unlawful discharge on 5 December 2000 until the end of his 4-year enlistment obligation, 30 July 2004, and issuing an honorable discharge effective that date based upon the plaintiff having completed his obligated service and incorporating the RE-1 reenlistment code previously assigned by the BCNR.

     b.  Removing all documentation relating to the first separation dated 24 August 2000 for which the DD Form 214 has already been removed, and removing all documents diagnosing the plaintiff with ODD and depressive disorder, and

     c.  Any other remedy deemed appropriate by this Court to provide complete and full relief to the plaintiff.

26.    When properly requested, award plaintiff payment of all costs and reasonable attorney fees incurred in prosecuting this action.

 Respectfully submitted,

/s/ Grant Lattin_____  
Grant Lattin, DC Bar No. 436051  
Lattin & Bednar, LLP  
11970 Shorewood Court  
Woodbridge, Virginia   22192  
Tel:  703-490-0000  
Fax: 703-991-0454  
Email:  Glattin@ArmedForcesLaw.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Kevin G. Burt

**DEFENDANTS**

Donald C. Winter, Secretary of the Navy

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Grant E. Lattin, Lattin & Bednar, LLP, 11970
Shorewood Court, Woodbridge, VA  22192
Ph: 703-490-0000

CASE NUMBER 1:06CV02038

JUDGE: Henry H. Kennedy

DECK TYPE: Administrative Agency Review

DATE STAMP: 11/29/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**⊙ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Administrative Procedure Act, 5 USC 701, et seq. Judicial review of decisions of Board for Correction of Naval Records acting for Secretary of the Navy.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ Waived   Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/27/06   SIGNATURE OF ATTORNEY OF RECORD   [signature]

28

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.