UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEVIN G. BURT | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-2038 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD C. WINTER, | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

In response to the specific allegations in the numbered paragraphs of the Complaint, Defendant, Donald C. Winter, Secretary of the Navy, hereby answers the complaint as follows:

1.    The allegations in paragraph 1 set forth Plaintiff's basis for relief, to which no response is required.  To the extent a response is required, Defendant denies that any relief should be granted.

2.    The allegations in paragraph 2 set forth Plaintiff's allegations regarding jurisdiction, to which no response is required.  To the extent that they may be deemed allegations of fact, they are denied.

3.    The allegation in paragraph 3 sets forth Plaintiff's allegations regarding venue, to which no response is required.  To the extent that they may be deemed allegations of fact, they are denied.

4.    Defendant admits the Plaintiff's waiver in paragraph 4.

5.    Defendant admits the factual allegations in paragraph 5, except the word

"unlawfully," which is a legal conclusion that the Defendant expressly denies.

6.      Defendant admits the allegations in paragraph 6.

7.      Defendant admits the first sentence in paragraph 7. The allegations in the second sentence of paragraph 7 appear to be legal conclusions to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

8.      Defendant admits the allegations in paragraph 8.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 9. Defendant admits that Plaintiff was diagnosed with Oppositional Defiant Disorder ("ODD"), but denies that he was diagnosed "without testing or following proper diagnostic procedure," as alleged in the second sentence of paragraph 9.

10.     Defendant admits the allegations in paragraph 10.

11.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11.

12.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 12. Defendant admits allegations in second sentence of paragraph 12.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13.

14.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, except that Defendant admits that Plaintiff passed review on October 15, 2000 and graduated from the Recruit Training Command on October 18, 2000.

15.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, except that Defendant avers that Plaintiff was found to be in an unauthorized absence status from November 10, 2000 to November 20, 2000.

16.    Defendant admits only that Plaintiff was discharged again on December 5, 2000 for erroneous entry into service based upon the diagnosis of OOD and depressive disorder.

17.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17.

18.    Defendant admits only that an independent psychologist determined that there was insufficient evidence in the record justifying the diagnosis of ODD or depressive disorder. Defendant denies the other allegations in paragraph 18.

19.    Defendant admits the allegations in paragraph 19.

20.    Some of the allegations in paragraph 20 contain characterizations and conclusions of law to which no response is required. To the extent that they may be deemed allegations of fact, they are denied. Defendant only admits the four enumerated results of the August 30, 2004 Board of Corrections for Naval Records ("BCNR") decision.

21.    The allegations in paragraph 21 appear to be characterizations and legal conclusions to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

22.    Some of the allegations in paragraph 22 contain characterizations and conclusions of law to which no response is required. To the extent that they may be deemed allegations of fact, they are denied. Defendant only admits that on August 15, 2006, the BCNR upgraded Plaintiff's reenlistment code from RE-4 to RE-1.

23.     Defendant repeats and re-alleges its responses to paragraphs 1 through 22, as if fully set forth herein.

24.     The allegations in paragraph 24 are Plaintiff's characterizations of his cause of action and conclusions of law to which no response is required.  To the extent that they may be deemed allegations of fact, they are denied.

25.     Paragraph 25 sets forth Plaintiff's prayer for relief, to which no response is required, but Defendant nonetheless denies that the requested relief should be granted.

26.     Paragraph 26 sets forth Plaintiffs' prayer for costs and reasonable attorney fees, to which no response is required, but Defendant nonetheless denies that the requested relief should be granted.

Defendant denies all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such other relief and further relief as may be appropriate, including but not limited to, the costs of this action.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530

(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)