## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN G. BURT                                       :
                                                    :
                    Plaintiff                       :
                                                    :
v.                                                  :
                                                    :          C.A. No. 06-2038 (HHK)
                                                    :
DONALD C. WINTER                                    :
                                                    :
                    Defendant                       :
                                                    :

## PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff opposes Defendant's Motion for Summary Judgment.  For the sake of clarity and simplification of the issues before the Court, however, plaintiff waives any procedural challenge to the authority of the Board for Correction of Naval Records (BCNR) to issue a "best interest of the service" (BIOTS) discharge as addressed in defendant's first argument.  Plaintiff, however, opposes defendant's second and third arguments that the BCNR decision to issue a BIOTS discharge and to retain the records from the plaintiff's first discharge processing was not arbitrary, capricious, an abuse of discretion and contrary to law.

Plaintiff respectfully submits a Combined Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment.  This combined memorandum will be filed with Plaintiff's Cross-Motion for Summary Judgment and not with this opposition.  Plaintiff files with this opposition Plaintiff's Statement of Material Facts to Which There Exists a Genuine Issue.

Respectfully submitted,

 /s/ Grant Lattin
Grant Lattin, DC Bar # 436051

Lattin & Bednar, LLP
Counsel for Plaintiff
11970 Shorewood Court
Woodbridge, Virginia 22192
Phone: (703) 490-0000
Fax: (703) 991-0454
Email: GLattin@ArmedForcesLaw.com

March 7, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN G. BURT                           :
                                        :
          Plaintiff                     :
                                        :
v.                                      :          C.A. No. 06-2038 (HHK)
                                        :
DONALD C. WINTER                        :
                                        :
          Defendant                     :
                                        :

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS
## TO WHICH THERE EXISTS A GENUINE ISSUE

Pursuant to LCvR 7(h) and 56.1, plaintiff refers to Defendant's Statement of Material Facts Not in Genuine Dispute ("Defendant's Statement"), and designates below those material facts to which there exists a genuine issue.  The numbered paragraphs below correspond to the numbered paragraphs in Defendant's Statement and are admitted if there is no genuine issue or denied if there is a genuine issue.

1.      Admit.

2.      Admit.

3.      Admit the content of the form diagnosing Oppositional Defiant Disorder (ODD).  Deny that the social worker notes that plaintiff self reported the diagnostic criteria or that plaintiff actually self reported the diagnostic criteria for ODD.  *See* AR 123; 198, ¶ 3 ("This officer did not ask me any of those questions"); 235 (listing diagnostic criteria for ODD).

4.      Admit.

5.      Admit that plaintiff was assigned to a new group of recruits and graduated from recruit training.  Deny that plaintiff was intended to be processed for administrative separation

after being assigned to a new group of recruits or that plaintiff was responsible for the

miscommunication between the command and separations unit that ultimately led to his

mistaken discharge.  AR 198 ¶ 4, 5 (plaintiff was told by his petty officer in the

Separations Unit that Legal had called and that plaintiff was being returned to training);

AR 226 (email correspondence to Capt. Gantt, Commanding Officer at the Recruit

Training Command:  "You put him back in training.  PSD [Personnel Support

Department] did not get the word and issued him a DD-214 in absentia, believing him to

be UA.").

6.      Admit that plaintiff returned home on 10 November 2000, to seek assistance from his

parents and congressman.  Deny that the assistance related solely to fixing problems with

his pay.  AR 199 (because he had been mistakenly discharged, plaintiff could not be

issued new orders for his next assignment after graduating from recruit training, his

medical and dental records had not been retained, and plaintiff was not receiving pay).

Deny that plaintiff was on unauthorized leave beginning on 10 November 2000.  AR 210-

211 (because he had been discharged on 24 August 2000, it was legally impossible for

plaintiff to be on unauthorized leave for any period after the date of this discharge).

Admit that plaintiff reluctantly agreed to be discharged but only after being intimidated

and impliedly threatened by senior JAG Officers.  AR 200 ("After my parents left, I was

asked by LCDR McBride and LT Chen, another JAG officer, whether or not I still

wanted to stay in the Navy. They implied that things would be bad for me there, and

LCDR McBride actually said that my life would be hell.").

7.      Admit the content of the forms diagnosing ODD and depressive disorder.  Deny that

plaintiff self reported the diagnostic criteria preprinted on the forms rather than the

2

psychologist inferring the existence of these diagnostic criteria from general comments. AR 200 (diagnoses provided without testing or extensive interview).

8.    Admit.

9.    Admit.

10.   Admit, except that phrase "negativistic, hostile, and defiant behavior" does not appear in plaintiff's declaration but instead on the form diagnosing him with ODD.  AR 123; 198.

11.   Admit.

12.   Admit.

13.   Admit.

14.   Admit.

15.   Admit.

16.   Admit.

17.   Admit.

Respectfully submitted,

 /s/ Grant Lattin
Grant Lattin, DC Bar # 436051
Lattin & Bednar, LLP
Counsel for Plaintiff
11970 Shorewood Court
Woodbridge, Virginia 22192
Phone: (703) 490-0000
Fax: (703) 991-0454
Email: GLattin@ArmedForcesLaw.com

March 7, 2007