## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                       |   |                        |
|-----------------------|---|------------------------|
| KEVIN G. BURT         | : |                        |
|                       | : |                        |
| Plaintiff             | : |                        |
| v.                    | : | C.A. No. 06-2038 (HHK) |
|                       | : |                        |
| DONALD C. WINTER      | : |                        |
|                       | : |                        |
| Defendant             | : |                        |
|                       | : |                        |

## PLAINTIFF'S REPLY
## TO DEFENDANT'S OPPOSITION
## TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff, Kevin G. Burt, seeks review of the decisions of the Board for Correction of Naval Records (BCNR) dated 30 August 2004 and 15 August 2006. Both decisions are final agency decisions under the Administrative Procedure Act (APA) 5 U.S.C. § 701, *et. seq*. This action arises due to the failure of the BCNR, acting for the defendant, in either or both decisions to provide full and complete relief to the plaintiff after acknowledging that plaintiff was "improperly separated" from the Navy. The failure of the BCNR to properly correct plaintiff's military records to adequately and fully correct an admitted error or injustice violated the plaintiff's right pursuant to 10 U.S.C. § 1552.

In his cross motion for summary judgment, plaintiff argued that the decisions of the BCNR are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because they are illogical on their own terms and cannot be reconciled on the administrative record and that the 30 August 2004 decision of the BCNR is arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law because it failed to cogently explain the

exercise of its discretion.  In his opposition to plaintiff's cross motion for summary judgment and

reply supporting his motion for summary judgment, defendant suggests that the plaintiff's

challenge to the decisions of the BCNR do not present a justiciable claim or in the alternative, if

a justiciable claim is presented, the decisions of the BCNR are sufficiently supported.  Neither of

the defendant's arguments is persuasive.  Pursuant to controlling precedent, plaintiff has

presented a justiciable claim; furthermore, in light of the administrative record before the agency,

the decisions of the BCNR cannot be upheld even under an admittedly deferential standard of

review.

**ARGUMENT**

I.    **PLAINTIFF HAS PRESENTED A JUSTICIABLE CLAIM; THE DECISIONS OF
      THE BCNR ARE REVIEWABLE PURSUANT TO THE SCOPE OF REVIEW
      ESTABLISHED BY THE APA.**

        Justiciability generally refers to whether a matter is appropriate for court review.  *Black's*

*Law Dictionary*, 777 (5th ed.  1979).  In this case defendant asserts that plaintiff's challenge to the

30 August 2004 decision of the BCNR is not justiciable because, absent a procedural challenge,

this Court has no criteria by which to judge whether the "best interest of the service" (BIOTS)

discharge assigned by the BCNR was proper.  Although the defendant cites to *Baker v. Carr*, 369

U.S. (1962) and *Orloff v. Willoughby*, 345 U.S. 83 (1953) for general principles relating to

justiciability, he otherwise fails to cite any controlling precedent or authority for his assertion

that review of the 30 August 2004 BCNR decision that assigned a BIOTS discharge is precluded

as non-justiciable.  Relying on decisions from the Court of Appeals for the Federal Circuit, the

Unites States Court of Federal Claims, and the former United States Claims Court, the defendant

suggests an analysis of justiciability that is directly contrary to controlling precedent from the

United States Court of Appeals for the District of Columbia.  Defendant's Opposition (Def. Opp.). at 2-5.

In *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511-1512 (D.C. Cir. 1989) the United States Court of Appeals for the District of Columbia acknowledged that review of a service member's claim for retroactive promotion was not justiciable; but, relying on *Chappell v. Wallace*, 462 U.S. 296 (1983), specifically held that his "more modest request" to review "the reasonableness" of the military board of correction decision under the standards of the APA was justiciable.  The court explained that matter was justiciable because the district court determined only whether the Secretary's decision making process was deficient, not whether his decision was correct.  *Id*.

In *Piersal v. Winter*, 435 F.3d 319 (D.C. Cir. 2006), the United States Court of Appeals for the District of Columbia approved of the holding in *Kreis* and commented:  "These are not uncharted waters. We have many times reviewed the decisions of boards for correction of military records 'in light of familiar principles of administrative law.'"  *Piersal*, 435 F.3d at 321-322 (string citations omitted).  After further analysis and noting that review of a court martial would not be justiciable, the court in *Piersal* stated:  "We are aware of no reason, therefore, to reconsider the well-settled rule that the decisions of boards for correction of military records are subject to review under the APA."  *Id*. at 323-324.

In the present case, plaintiff does not seek review of a claim for retroactive promotion or for review of a court martial.  Accordingly, his claim seeking review of the BCNR decisions, pursuant to the APA, is justiciable under controlling precedents in this circuit.

II.     **Plaintiff Is Entitled To Summary Judgment Because The Decisions Of The BCNR, Acting For The Defendant, Are Arbitrary, Capricious, An Abuse Of Discretion, Or Otherwise Not In Accordance With Law.**

      A.     **The Decisions Of The BCNR Are Arbitrary, Capricious, An Abuse Of Discretion, Or Otherwise Not In Accordance With Law Because They Are Illogical On Their Own Terms And Cannot Be Reconciled On The Administrative Record.**

In his cross motion for summary judgment, plaintiff noted that in its first decision, the BCNR, after examining the relevant data, admitted that plaintiff had been "improperly separated" from the Navy and then explained why plaintiff's original "erroneous enlistment" discharge should be removed and replaced with an involuntary "BIOTS" discharge; in its second decision, after examining the relevant data, the BCNR explained why plaintiff should be considered eligible, without qualification or condition, for reentry into service.  Plaintiff argues that the two decisions, taken together, are inconsistent, inherently contradictory and cannot be reconciled on the administrative record.  Accordingly, plaintiff asserts that the BCNR's refusal to restore plaintiff to active duty and properly correct his military records is arbitrary and capricious.

In his opposition to plaintiff's cross motion for summary judgment, defendant attempts to justify the actions of the BCNR because the two decisions "were made on two separate occasions and were based upon entirely different evidence and different, and non-conflicting, rationales." Def. Opp. at 6.  Defendant's argument, however, is misplaced.  His argument relies upon the mistaken premise that the issues presented to the BCNR in 2004 and in 2006 were separate and distinct.  In fact, the issues presented to the BCNR in both of plaintiff's applications were identical.  Based upon his mistaken premise, defendant concludes that the *rationale* for different outcomes at different points in time can be harmonized.  His argument should be rejected because the underlying *rationale* for the first BCNR decision conflicts with the *rationale* in the second BCNR decision.

A review of the administrative record reveals that in his first application to the BCNR, the primary relief sought by the plaintiff was (1) the removal of the 24 August 2004 discharge and all documents related to it, and (2) to be returned to active duty.  AR 158-159.  With his second application to the BCNR the plaintiff submitted new and material evidence and again sought as his primary relief (1) the removal of his involuntary discharge (now a "BIOTS" discharge rather than an "erroneous enlistment" discharge), and (2) to be reinstated to active duty.  AR  36.  In his second application plaintiff specifically argued:

> 4.      Mr. Burt has provided within enclosures (1) through (7) a significant amount of new and material evidence providing to the BCNR evidence that contradicts the BCNR's previous conclusions.  This evidence suggests that it would <u>not</u> have been in the best interests of the Navy to discharge Mr. Burt.  The new evidence proves that Mr. Burt would have performed as a fine Sailor, just as he did during recruit training as confirmed by the recruit training officers in declarations contained within his original application to the BCNR.  The new evidence proves that Mr. Burt has completed a bachelors degree and has a fine record as a student, he has served as a firefighter (a quasi-military environment), and he has been and currently is successfully employed, all of this occurring during the same time period as he would have been serving in the Navy.  Mr. Burt has asked the Navy to reinstate him. This new and material evidence proves that he would do as fine a job in the Navy as he has been doing in his civilian life.

*Id*.

In his assertion of non-conflicting rationales, the defendant's argument relies upon the assumption that issues and evidence before the BCNR in the first decision related only to the plaintiff's discharge and that issues and evidence before the BCNR in the second decision related only to plaintiff's reenlistment code.  As the administrative record unmistakably documents, however, the passage of time and the submission of new evidence related both to the suitability and appropriateness of plaintiff's discharge as well as his reenlistment code.  Although the BCNR accepted the case for review solely on the reenlistment code issue, AR 8, this fact does not alter the underlying rationale exposed in each decision after the BCNR considered evidence

relating to both the appellant's discharge and his reenlistment code.  In its first decision the BCNR concluded that it was in the best interest of the service to involuntarily discharge plaintiff and in its second decision concluded that plaintiff should be considered eligible for reenlistment and continued service without restriction.

Both plaintiff and defendant agree that if a servicemember is improperly discharged, as the BCNR conceded here, AR 17, complete correction of the military record is an obligation, not a discretionary choice.  Plaintiff's Cross Motion for Summary Judgment (Pl. Mot.) at 11[1]; Def. Opp. at 8; *see Roth v. United States*, 378 F3d, 1371, 181 (Fed. Cir. 2004); *Baxter v. Claytor*, 652 F. 2d 181, 185 (D.C. Cir. 1981) (a correction board has a non-discretionary, judicially enforceable duty to correct military records when it determines that an injustice or error has occurred).  Defendant, argues however, that this rule in not applicable in the present case because "[t]he upgrade in discharge had nothing to do with the propriety of the discharge, and in fact, represents complete relief on the only issue the BCNR considered, the propriety of a RE-4 code given plaintiff's post-service adjustment.  Def. Opp. at 8.  Contrary to defendant's argument, however, the BCNR's decision to upgrade plaintiff's reenlistment code but not his discharge highlights that plaintiff has not been afforded complete relief in this case.  As previously noted, plaintiff's second BCNR application specifically argued that the new and material evidence related both to the suitability and appropriateness of his discharge as well as his reenlistment code.  The BCNR credited and accepted plaintiff's evidence as sufficient to change his reenlistment code.  The BCNR, however, provides no explanation why the same evidence that it found sufficiently compelling to conclude plaintiff should be allowed to reenter service was not

---

[1]  Citations to page numbers refer to the page number superimposed as a Court header on the plaintiff's cross-motion for summary judgment and not to the page numbers appearing at the bottom of plaintiff's motion.

sufficiently compelling to change its decision that plaintiff should be involuntarily separated from service.

In this case, the fact that the BCNR limited its review on reconsideration to the issue of appellant's reenlistment code cannot camouflage the fact that the underlying rationale in each decision is fundamentally inconsistent and inherently contradictory.  As a result, this Court should conclude that the decisions are arbitrary and capricious.

**B.    The 30 August 2004 Decision Of The BCNR Is Arbitrary, Capricious, An Abuse Of Discretion, Or Otherwise Not In Accordance With Law Because It Failed To Cogently Explain The Exercise Of Its Discretion.**

In his initial application to the BCNR, the plaintiff submitted evidence demonstrating that his two discharges, both based upon "erroneous entry," were improper.  Based upon this evidence, plaintiff requested, *inter alia*, that the two improper discharges be withdrawn and that he be returned to active duty.  In its decision dated 30 August 2004 the BCNR conceded that both discharges were improper but declined to correct plaintiff's records as requested.  In doing so, the BCNR cited four reasons for withholding relief.  AR 17-18.  In his cross motion for summary judgment, plaintiff detailed why each of the proffered reasons were, either standing alone or in combination, an insufficient basis for withholding relief.  In his opposition, defendant subtly changes or shades either the explanation offered by the BCNR itself or the argument advanced by plaintiff.  When the explanation offered by the BCNR is examined on its own merits without the shading offered by defendant, it discloses that the justification offered by the BCNR neither cogently explains the exercise of its discretion nor provides a "rational connection between the facts found and the choice made."

In explaining its decision, the BCNR stated:

Since [plaintiff] was processed for separation by reason of erroneous enlistment due to these diagnosed disorders, on a theory that he never would have been enlisted had the Navy known that he suffered from the disorders, and the disorders are insufficiently documented, the Board concludes that Petitioner was improperly separated for that reason.

When an individual has been improperly separated, one possible remedy is the one requested by Petitioner-reinstatement in the service to complete his enlistment. However, the Board finds such corrective action inappropriate in this case for several reasons. First, the evaluations completed on Petitioner during his brief period of service in the Navy document a number of preservice behavioral problems. Petitioner now states that these problems do not, in fact, exist. However, the Board does not believe the evaluators, a qualified social worker and clinical psychologist, would knowingly misrepresent what Petitioner told them during the interviews. Additionally, Petitioner failed to disclose several significant facts when he enlisted, specifically, his long history of headaches, which recurred during recruit training, and his history of family counseling. Although he performed well during recruit training, he also went UA [unauthorized absence] for 10 days. Even though there may well have been mitigating factors, this is not the way military members are supposed to solve their problems. Finally, when Petitioner returned from UA and was asked whether he wanted to remain in the military, he stated on at least two occasions that he did not so desire and only wanted to be discharged.

AR 17-18. A discussion of each BCNR reason follows.

    1.  The evaluations completed on plaintiff during his brief period of service in the Navy document a number of preservice behavioral problems.

    Plaintiff initially argues that (1) the BCNR failed to recognize that the behavioral

problems referenced evaluations completed during service were the diagnostic criteria for

oppositional defiant disorder (ODD) and that when the diagnosis for ODD was considered not

properly supported, the asserted behavioral problems or diagnostic criteria for ODD must also be

discounted and considered not properly supported and (2) to the extent the BCNR may have

considered other behavioral problems noted on the appellant's ODD evaluations, there is no

suggestion that such problems would have disqualified the plaintiff from enlistment.  Pl. Mot. at

14-15.

In response, the defendant asserts: "Plaintiff wholly ignores the other preservice behavioral problems that he admitted to telling the two mental health professionals and that the professionals handwrote on their diagnostic forms." Def. Opp. at 10. Defendant's statement is simply factually incorrect. In addition, it overlooks an important aspect of plaintiff's argument; namely, preservice behavioral problems, to the extent they may have actually existed outside of the diagnostic criteria for ODD, are only relevant if they would have disqualified plaintiff from enlistment. Moreover, in citing to AR 109-111 plaintiff specifically invited the Court's attention to the relevant regulations governing enlistment standards. Pl. Mot. at 15.

Defendant also argues: "Although the BCNR agreed with the advisory opinion that there was a lack of sufficient documentation to support a diagnosis of ODD from the records provided, the BCNR did not believe that the two mental health professionals, on separate occasions, would knowingly misrepresent what Plaintiff told them." Def. Opp. at 9. Again, defendant's argument misses the mark. The fact that the BCNR may have credited the opinions of a social worker and a clinical psychologist who mentioned other preservice behavioral problems is not the issue and is not germane to the analysis of whether the BCNR provided a "rational connection between the facts found and the choice made." Because the BCNR accepted that the behavioral problems necessary to support a proper diagnosis of ODD were not properly supported and because the BCNR provided no discussion or analysis of whether other preservice behavioral problems would have disqualified plaintiff from enlistment, the BCNR failed to cogently explain the exercise of its discretion even if it believed other preservice behavioral problems may have existed.

2.  Plaintiff failed to disclose his history of headaches, which recurred during recruit training, and his history of family counseling.

Plaintiff argues that although the BCNR correctly observes that plaintiff failed to disclose headaches and family counseling prior to his enlistment, the BCNR provides no explanation why this omission represents grounds for granting a BIOTS discharge rather than the full and complete correction of his military record. Because the BCNR provides no elaboration, there is no basis for discerning whether this represents a reasoned basis for withholding relief. Defendant counters that the "BCNR's application of these facts to their ultimate decision is clear on its face." Def. Opp. at 11. Defendant then parses the language of the BCNR decision to suggest that the BCNR is "clearly taking issue with the Plaintiff's integrity and compliance with military rules and procedure."

The discussion of the BCNR on this issue is limited to a single sentence. "Additionally, Petitioner failed to disclose several significant facts when he enlisted, specifically, his long history of headaches, which recurred during recruit training, and his history of family counseling." AR 18. Contrary to the suggestion of defendant, the only thing that is clear on the face of the BCNR decision is that the BCNR has stated a simple fact and provided absolutely no elaboration. No matter how many times the decision is read and re-read, there is no mention or suggestion that the plaintiff lacks integrity or failed to comply with military rules and procedure. In short, there is no basis for discerning whether this represents a reasoned basis for withholding relief. Furthermore, even if defendant's supposition were indulged, there is no basis for concluding that such disclosures would have disqualified plaintiff from enlistment or continued service. Likewise, there is absolutely no basis to conclude that plaintiff did not comply with military rules and procedures or breached his integrity.[2] Obviously, without a basis to conclude

---

[2] In disclosing his headaches, the plaintiff reported the following:

> On August 1, 2000, all of the recruits were processed through the "Moment of Truth" where we were asked to divulge any facts that the Navy did not know,

that disclosure of plaintiff's information would have disqualified him from enlistment, there is not a legitimate basis for withholding full and complete relief.

As plaintiff previously noted, the BCNR's decision "must be upheld, if at all, on the basis articulated by the agency itself." *S. Co. Servs. v. FERC*, 416 F.3d 39, 47 (D.C. Cir. 2005) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)). Post-hoc rationalizations supplied by counsel may not be substituted for the agency's own explanation. *El Rio Santa Cruz Neighborhood Health Ctr. v. United States HHS*, 396 F.3d 1265, 1276 (D.C. Cir. 2005) (citing *Burlington Truck Lines*, 371 U.S. at 168-69). It would be improper for this Court to either accept defendant's attempt to fill in the BCNR's analysis where none was provided, or for the Court to supply the missing analysis where it has not been articulated by the BCNR itself. Without further elaboration by the BCNR, this Court is left without a basis, other than pure speculation, to evaluate the propriety of the BCNR's judgment.

### 3.  Plaintiff was UA [on Unauthorized Absence] for 10 days.

Plaintiff argues that he was discharged, albeit mistakenly, from the Navy on 24 August 2000.  As a result it was legally impossible for plaintiff to have been UA from November 10 through November 20, 2000.  Accordingly, plaintiff asserts the BCNR's suggestion that a period of UA was a legitimate reason for affecting a BIOTS discharge rather than restoring plaintiff to active duty cannot be sustained.  Defendant counters by distorting plaintiff's argument and recharacterizing it to assert that "because he was never *prosecuted* for the ten days of

---

with a promise that no action would be taken against us if we were honest.  The emphasis seemed to be on unreported drug use and criminal activity, but I assumed they meant absolutely everything, so I decided to tell them about headaches that I had suffered from during high school.  I did not believe this would be a big deal, but I wanted to be completely honest about everything.

AR  198.

unauthorized absence ("UA"), the BCNR could not consider his actions when deciding whether to issue the BIOTS discharge.  Def. Opp. at 11 (emphasis added).

The BCNR stated:  "Although he performed well during recruit training, he also went UA for 10 days.  Even though there may well have been mitigating factors, this is not the way military members are supposed to solve their problems."  AR 18.  Plaintiff's challenge to the reasoning of the BCNR does not depend on whether or not he was *prosecuted* for being UA. Plaintiff's argument is that if it was legally impossible to have been UA, therefore, citing a period of UA is not a legitimate basis for withholding the relief sought by plaintiff.  Defendant also suggests that "it is of no relevance" that plaintiff might not have been UA according to the Uniform Code of Military Justice (UCMJ).  Def. Opp. at 12.  Defendant's argument cannot be sustained.  When discharged, albeit mistakenly, on 24 August 2000, plaintiff was returned to his civilian status.  If plaintiff was not UA, the BCNR cannot rely on that proposition to support its decision to withhold full relief.  Defendant further suggests the BCNR could properly rely on plaintiff's attempt to solve problems with his pay and orders by absenting himself from his duties and without telling anyone at his command.  *Id*.  This assertion is simply illogical.  As a lawfully discharged sailor, plaintiff went to great lengths to resolve the dilemma of his mistaken discharge while he was a civilian.  It was, however, because of his civilian status, that the Navy could neither issue him orders nor pay him.  As a civilian, plaintiff had no military duties from which to absent himself and no command that exercised legal jurisdiction over him and to whom he was required to report.  Moreover, the language of the BCNR is clear.  In justifying its decision to award a BIOTS discharge rather than restore plaintiff to active duty, the BCNR relied upon the fact that appellant was UA and stated "this is not the way [going UA] military members are supposed to solve their problems."  AR 18.

Defendant also makes the unfounded assertion that plaintiff knew he was committing a crime when he left the command. Def. Opp. at 12. Quite to the contrary, although frustrated by Navy bureaucracy, plaintiff specifically relied upon the fact that he had been told by the Navy that he had been discharged when he left the Navy base to seek assistance to resolve the continuing dilemma. AR 199 (paragraph 10). Moreover, the Navy's failure to prosecute plaintiff for this asserted crime strongly suggests the Navy's knowledge and understanding that it could not prosecute a civilian for violating Article 86 of the UCMJ, because plaintiff was not subject to the jurisdiction of the UCMJ at the time of the asserted conduct. 10 U.S.C. § 886 (Unauthorized absence); 10 U.S.C. § 802 (persons subject to UCMJ). The BCNR's reliance on a non-existent period of UA illustrates that its decision does not cogently explain the exercise of its discretion.

    4. Plaintiff stated he wanted to be discharged.

Although the administrative record contains two references in which plaintiff reluctantly agrees to be discharged, plaintiff argues that the conclusion that the plaintiff wanted a discharge severely distorts the administrative record as a whole and ignores the Navy's attempts to bully and intimidate the plaintiff into accepting a discharge. In response, the defendant inappropriately steps into the role of the BCNR to assess the credibility and probative value of plaintiff's declaration executed under penalty of perjury as true and correct. AR 198-201. To support his view of the evidence, defendant also refers to evidence not mentioned or analyzed in the decision of the BCNR including email correspondence between the commanding officer and his attorney and plaintiff's response to his notice that he was being processed for separation in August and November 2000. Def. Opp. at 13-14. Although the defendant constructs a plausible scenario for suggesting that the plaintiff wanted to be discharged, this Court has been asked to review the decision of the BCNR and not counsel for the defendant's attempt to rewrite the

BCNR decision. As previously noted, the BCNR's decision "must be upheld, if at all, on the basis articulated by the agency itself." *S. Co. Servs. v. FERC*, 416 F.3d at 47.

The decision of the BCNR relating to plaintiff's purported request to be discharged is limited to the following sentence: "Finally, when Petitioner returned from UA and was asked whether he wanted to remain in the military, he stated on at least two occasions that he did not so desire and only wanted to be discharged." AR 18. Because the analysis provided by the BCNR is limited to a single conclusory sentence and fails to provide any analysis or discussion of evidence favoring or undermining its conclusion, this Court is left without a basis to judge whether the judgment of the BCNR was the product of reasoned decision making. The requirement that administrative decisions be supported by "reasons or bases" has long been recognized by the judiciary as necessary to facilitating judicial review. In *SEC v. Chenery*, 332 U.S. 194, 196-197 (1947) the Supreme Court held:

> If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive.

More recently, the United States Court of Appeals for the District of Columbia held that "[t]he basis for an administrative decision, of course, must be clear enough to permit effective judicial review." *International Longshoremen's Assoc. v. National Mediation Board*, 870 F.2d 733, 735 (D.C. Cir. 1989).

The four reasons proffered by the BCNR to justify changing the basis of plaintiff's discharge to BIOTS rather than removing both discharges and restoring plaintiff to active duty as requested, are seriously, if not fatally, flawed. Accordingly, the proffered reasons, both individually and cumulatively, cannot be considered a "rational connection between the facts

found and the choice made" or a cogent explanation of why the BCNR exercised its discretion in

the manner it did so.  Consequently, this Court should find the 30 August 2004 decision of the

BCNR to be arbitrary and capricious.

## CONCLUSION

In failing to remove the improper discharge of 5 December 2000 and restore plaintiff to

active duty and failing to provide the other records corrections requested by plaintiff, the

decisions of the BCNR were arbitrary and capricious.  Accordingly, plaintiff prays that this

Court will compel the defendant to fully and completely correct plaintiff's military records by

ordering the following corrections: (1) remove the unlawful discharge effective 05 December

2000 and all references and amendments thereto, thereby restoring plaintiff to active duty for a

period of time extending from the date of his unlawful discharge on 5 December 2000 until the

end of his 4-year enlistment obligation, 30 July 2004, and issuing an honorable discharge

effective that date based upon the plaintiff having completed his obligated service and

incorporating the RE-1 reenlistment code previously assigned by the BCNR; (2) remove all

documentation relating to the first separation dated 24 August 2000 for which the DD Form 214

has already been removed, and removing all documents diagnosing the plaintiff with ODD and

depressive disorder; and (3) any other remedy deemed appropriate by this Court to provide

complete and full relief to the plaintiff.

Respectfully submitted,

/s/ Grant Lattin
Grant Lattin, DC Bar # 436051
Lattin & Bednar, LLP
Counsel for Plaintiff
11970 Shorewood Court
Woodbridge, Virginia 22192
Phone: (703) 490-0000
Fax: (703) 991-0454
Email: GLattin@ArmedForcesLaw.com

April 23, 2007