UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN G. BURT,<br>    **Plaintiff,**<br><br>   v.<br><br>DONALD C. WINTER,<br>    **Defendant.** | Civil Action 06-02038 (HHK) |

**MEMORANDUM OPINION**

By this action against Donald Winter, Secretary of the Navy (the "Secretary"), plaintiff Kevin Burt seeks review of decisions made by the Board of Corrections of Naval Records ("BCNR") regarding his military records. Before the court are the parties' cross-motions for summary judgment. Upon consideration of the motions, the oppositions thereto, and the record of this case, the court determines that summary judgment must be granted in favor of the Secretary.

**I.  BACKGROUND**

Burt enlisted in the U.S. Navy Reserve Delayed Entry Program on June 16, 2000. He was processed for a nonstigmatizing Entry Level Separation discharge shortly thereafter based on his diagnosis as having oppositional defiant disorder ("ODD"). Because of communication lapses within the Navy, however, he was not removed from his duties at this time, and he completed his initial training in October 2000. The discharge did trigger problems with his pay and records, and in response to these difficulties, Burt went absent without leave in November of that year.

Upon his return, he was reevaluated by a psychologist, who repeated the ODD diagnosis and recommended administrative separation, in part based upon Burt's expressed desire to receive a discharge. On December 5, 2000, Burt was issued a second Entry Level Separation discharge.

In 2002, Burt began seeking administrative remedies to alter his service record. First, he requested that the Naval Discharge Review Board ("NDRB") change his discharge to "Best Interest Of The Service" ("BIOTS") and upgrade his re-enlistment code from RE-4 to RE-1.[1] After NDRB denied him relief, Burt petitioned BCNR to remove both discharges and restore him to active duty. In the alternative, he asked that his discharge be changed to one based upon Secretarial authority, such as BIOTS. BCNR sought outside consultation, and a resulting independent opinion from the Naval Medical Center in Portsmouth, Virginia, determined that Burt's ODD diagnosis was insufficiently documented and that discharge for psychiatric reasons was therefore not justified.

Based upon its review of the record and the advisory opinion, BCNR concluded on August 30, 2004, that Burt's discharge was improper, but nonetheless also determined that restoration to active duty was unwarranted due to Burt's documented behavior problems, his failure to disclose information at various stages of his enlistment, and his previously expressed desire to receive a discharge. BCNR therefore removed the first (ODD-based) discharge and corrected the second discharge's basis to BIOTS. BCNR declined to remove the mental health

---

[1] Reenlistment codes signal whether a discharged person can reenlist. Unlike RE-1, the RE-4 code renders a former enlistee ineligible. *See* Pl.'s Ex. 2 (Bureau of Naval Personnel Instruction 1900.8B Encl. 3).

records because though the diagnoses did not warrant a psychiatric-based discharge, BCNR determined that retaining the records was warranted for documentation purposes. Finally, BCNR declined to alter Burt's reenlistment code.

Upon review of Burt's request for reconsideration, BCNR revisited its reenlistment-code determination on August 15, 2006, and concluded that, in light of Burt's history of success in his professional and personal life, the RE-4 code no longer served a useful purpose. Accordingly, it changed the code to RE-1. Pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), Burt now seeks judicial review of these decisions.

## II.  ANALYSIS

### A.  Standard of Review

The court's ability to review matters related to military discharges is limited, as military personnel decisions themselves lie outside the court's jurisdiction. *Piersall v. Winter*, 435 F.3d 319, 321–22 (D.C. Cir. 2006) (claims for retroactive promotion are nonjusticiable); *Kreis v. Sec'y of the Air Force*, 406 F.3d 684, 686 (D.C. Cir. 2005) ("*Kreis III*"). The court does have jurisdiction, however, "to evaluate, in light of familiar principles of administrative law, the reasonableness of the Secretary's decision not to take certain corrective action with respect to [military records]." *Ibid.* (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989) ("*Kreis I*")). Pursuant to such a review, the court may only "determine whether the Secretary's decision making process was deficient, not whether his decision was correct," *ibid.*, and the decision must be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *ibid.* (quoting 5 U.S.C. § 706(2)(A)). Thus, as with

traditional review of administrative agency actions, the court will not disturb the decision so long as the decisionmaker "examine[d] the relevant data and articulate[d] a satsifactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Ibid.* (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).[2]  Finally, though judicial review of military records-correction decisions incorporates the core "arbitrary or capricious" standard of traditional administrative law, such review involves an "unusually deferential application" of that standard.  *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (quoting *Kreis I*, 866 F.2d at 1514).  "This deferential standard is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence."  *Ibid.* (citing *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953) ("Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters."))[3]

**B.    Application**

Burt raises two challenges to BCNR's decisions: first, he contends that the decisions reviewing his discharge are inconsistent with each other and are therefore arbitrary and

---

[2] Agency findings of fact are reviewed for "substantial evidence." *JSG Trading Corp. v. Dep't of Agric.*, 235 F.3d 608, 611 (D.C. Cir. 2001) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion when taking into account whatever in the record fairly detracts from its weight" (internal quotation marks omitted)); *see also FPL Energy Maine Hydro LLC v. FERC*, 287 F.3d 1151, 1160 (D.C. Cir. 2002) ("The 'substantial evidence' standard requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence.").

[3] This additional deference does not apply in a case where a plaintiff challenges a records-correction board's "application of a procedural regulation governing its case adjudication process."  *Kreis III*, 406 F.3d at 686.

capricious; second, he contends that BCNR's refusal to reinstate him, despite its determination that his original separation was improper, is insufficiently supported by rational explanation on the record.[4]

The gravamen of Burt's first argument is that it is inconsistent for BCNR to say that it is in the best interest of the Navy to discharge him, and then in the same (albeit later-expressed) breath say (by changing his reenlistment code) that he may freely reenlist. The court is not persuaded. It is one thing to remove a barrier to a citizen's ability to *seek* enlistment at some undefined future time, as happened here in 2006. It is quite another to retroactively negate a four-year-old discharge. There is nothing inconsistent in BCNR's decisions to (1) deem, in 2004, BIOTS appropriate *as of December 2000*, and to (2) upgrade Burt's reenlistment category *going forward* as of August 15, 2006. As BCNR made plain in its decisions, the BIOTS determination was based on the evidence brought forward in 2000, and the code upgrade was based on demonstrated post-discharge improvements in Burt's condition and life as of 2006 (rather than on any evidence that the retroactive BIOTS discharge was improper in the first instance).

Burt's second batch of arguments likewise fails. Most of these contentions are mere factual disputes disguised as sufficiency challenges to BCNR's articulation of its rationale. *See* Pl.'s Mem. at 13–14 (arguing that since the ODD diagnoses were insufficiently supported, BCNR

---

[4] Burt also seeks to have the records referencing his ODD diagnoses and his first discharge removed. He fails, however, to provide any persuasive argumentation supporting this request. Absent any assistance from plaintiff in this regard, the court sees no reason to disturb BCNR's determination that, for recordkeeping purposes, the documents should remain on file. Additionally, in his complaint, Burt alleges that a BIOTS discharge must be initiated by the servicemember's commanding officer and therefore could not be entered by BCNR. The Secretary addressed this issue in his opening brief and Burt did not thereafter respond. Though the issue appears to be conceded, the court agrees with the Secretary that it is immaterial.

could not legitimately rely on any evidence of behavioral issues); 14–15 (contending that BCNR inadequately articulated why Burt's failure to disclose information upon enlistment warranted BIOTS and implying that in order for BCNR's decision to be valid, this failure, standing alone, needed to have disqualified Burt from reenlistment); 15–16 (arguing that Burt's absence without leave was legally justified because he had been formally discharged — notwithstanding BCNR's recognition that the absence may have been justifiable and concomitant conclusion that it nonetheless demonstrated poor judgment); and 16–18 (contesting the factual basis for BCNR's determination that Burt expressed a desire for a discharge). In any event, reviewing the record with the appropriate level of deference to military decisionmaking, the court is unpersuaded that BCNR failed to make a "rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43. The decision is supported by reference to substantial evidence, *see FPL Energy*, 287 F.3d at 1160, and is rationally connected to those facts. The questions arising regarding Burt's mental and behavioral status and judgment in 2000, combined with his repeatedly expressed interest in receiving a discharge at that time, adequately insulate from judicial intrusion the Navy's decision to effect a BIOTS discharge.

### III.  CONCLUSION

BCNR's determinations were neither arbitrary nor capricious and should not be disturbed. An appropriate order of judgment accompanies this memorandum.

                                        Henry H. Kennedy, Jr.
                                        United States District Judge

Dated: September 7, 2007